IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DIANE J. BACKUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-266 |
| | ) | |
| (1) TEXOMA MEDICAL CENTER, INC., | ) | |
| and (2) GARY MARLOW, M.D., | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Diane J. Backues ("Backues") and, for her causes of action against Texoma Medical Center ("TMC") and Gary Marlow, M.D. ("Dr. Marlow") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Backues is an Oklahoma citizen who is domiciled in Oklahoma.

2.  Defendant TMC is a Texas corporation which is incorporated in and has its principal place of business in Denison, Texas.

3.  Defendant Gary Marlow, M.D. is a Texas resident, is a medical doctor licensed by the Texas Medical Board, and practices medicine in Texas.

4.  The amount in controversy in this matter exceeds $75,000.00.

5.  This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity between the parties.

1

6.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Backues's claim occurred in the Eastern District of Texas.

7.     Pursuant to TEX. CIV. PRAC. & REM. CODE §74.051, TMC was provided with notice of this health care liability claim, which was received by TMC's registered service agent on or about August 4, 2014.   TMC was provided with an authorized form for the release of Backues's protected health information.   More than sixty (60) days have passed since the Notice of Health Care Claim and accompanying medical record authorization was received by TMC.   *See* Exhibit 1.

8.     Pursuant to TEX. CIV. PRAC. & REM. CODE §74.051, Dr. Marlow was provided with notice of this health care liability claim, which was received by Dr. Marlow on or about August 15, 2014.  Dr. Marlow was provided with an authorized form for the release of Backues's protected health information on or about September 4, 2014. More than sixty (60) days have passed since the Notice of Health Care Claim and accompanying medical record authorization was received by Dr. Marlow.  *See* Exhibit 2.

9.     Pursuant to TEX. CIV. PRAC. & REM. CODE §74.351, the report and curriculum vitae of Backues's retained medical expert will be served upon the Defendants contemporaneously with this Complaint.

## FACTUAL BACKGROUND

10.     On or about May 16, 2014, Backues presented to TMC for abdominal pain, and was admitted to TMC for treatment.

11.     On or about May 17, 2014, Dr. Marlow performed a central line placement on Backues.

12.     A few hours later, a Code Stroke was called when Backues developed left-sided weakness.

13.     A CT scan was performed on Backues, and it was noted there was evidence of an air embolism where the central line was placed.

14.     Backues suffered a stroke.  This stroke was due in part to the arterial air embolus from the central line insertion.

15.     Backues was discharged from TMC on or about May 27, 2014, and transferred to TMC's Reba McEntire Center for Rehabilitation.

16.     After spending an additional 23 days in the rehabilitation center, Backues continued to receive treatment and physical therapy due to her stroke symptoms.

## COUNT I – NEGLIGENCE (TMC)

17.     Backues adopts and reasserts the allegations set forth in paragraphs 1 through 16 as if they are set forth herein below and for her first cause of action against TMC alleges and states as follows:

18.     TMC provides medical care through medical professionals whom it employs or with whom it has an agency relationship.

19.     TMC has a duty to provide a reasonable standard of medical care consistent with the standard of care that would be provided by a reasonably prudent medical provider in similar circumstances.

20.     When TMC assumed the care of a patient in its emergency room, it assumed a duty to administer care in line with the standard of care and procedures set out in its own policies.

21.     When TMC provided treatment to Backues, it assumed a duty to provide a reasonable standard of medical care to Backues.

22.     TMC breached its duty to provide Backues a reasonable standard of medical care and breached its duty to follow its own standard of care and its own procedures, when it allowed its employees and/or agents to negligently introduce an air embolism into Backues's artery, causing her to have a stroke.

23.     TMC's substandard care and treatment was the direct cause of Backues's injuries. TMC's actions, inactions and negligence in the treatment of Backues fell below the standard of care.

24.     As a direct and proximate result of the negligence of TMC, Backues has incurred and will continue to incur medical expenses, as well as physical and mental injuries, to include mental and physical pain and suffering.

## COUNT II – NEGLIGENCE (Dr. Marlow)

25.     Backues adopts and reasserts the allegations set forth in paragraphs 1 through 24 as if they are set forth herein below and for her second cause of action against Dr. Marlow alleges and states as follows:

26.     Dr. Marlow had a duty to use reasonable care in his treatment of Backues. Dr. Marlow's care and treatment fell below the applicable standard of care; therefore, Dr. Marlow breached the duty he owed to Backues.

27. Dr. Marlow was negligent in his care of Backues, specifically in regards to his insertion of the central line.

28. Dr. Marlow's breach of his duty owed to Backues in the form of substandard medical care and treatment directly cause of Backues's injuries.

29. As a direct and proximate result of the negligence of Dr. Marlow, Backues has incurred and will continue to incur medical expenses, as well as physical and mental injuries, to include mental and physical pain and suffering.

**COUNT III – NEGLIGENCE (*Res Ipsa Loquitur*) (All Defendants)**

30. Backues adopts and reasserts the allegations set forth in paragraphs 1 through 29 as if they are set forth herein below and for her third cause of action alleges and states as follows:

31. Backues sustained an injury when she suffered a stroke.

32. The injury was proximately caused by an instrumentality solely within the control of the Defendants in that Defendants or their agents or employees were the only ones performing the central line placement.

33. The injury – a stroke, such as the one Backues suffered – does not ordinarily occur in these circumstances absent negligence on the part of the defendant.

34. Accordingly, Defendants' negligence should be presumed, and Defendants are liable for the injuries sustained by Backues under a theory of *res ipsa loquitur*.

## COUNT IV – PUNITIVE DAMAGES (All Defendants)

35.     Backues adopts and reasserts the allegations set forth in paragraphs 1 through 34 as if they are set forth herein below and for her third cause of action against TMC alleges and states as follows:

36.     Defendants acted in reckless disregard of the well-being of others, including Backues, because Defendants were aware or did not care that there was a substantial and unnecessary risk that its conduct or, in the case of TMC, the conduct of its employees and/or agents would cause serious injury to others.

37.     Defendants' actions were unreasonable under the circumstances, and there was a high probability that its conduct or, in the case of TMC, the conduct of its employees and/or agents would cause serious harm to others.

38.     As a result of Defendants' reckless conduct, Backues is entitled to punitive damages in an amount to be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diane Backues prays for judgment against Defendants Texoma Medical Center and Gary Marlow, M.D. in an amount in excess of $75,000.00, compensatory damages together with court costs, attorneys' fees, interest, and such other and further relief the Court may deem just and proper.

Respectfully submitted this 20th day of April, 2015.

/s Kevin E. Krahl
Kevin E. Krahl, Oklahoma Bar # 11124
John A. Krahl, Oklahoma Bar #31124
FULLER, TUBB, BICKFORD & KRAHL, PLLC
201 Robert S. Kerr, Suite 1000
Oklahoma City, OK 73102
Telephone: (405) 235-2575
Fax: (405) 232-8384
krahl@fullertubb.com
jkrahl@fullertubb.com
*Attorneys for Plaintiff Diane J. Backues*